IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARGARET SUE WILLIAMS                                        PLAINTIFF

                    v.                    Civil No. 12-2197

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                               DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Margaret Williams, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for  supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

### I.        Procedural Background:

Plaintiff filed her application for SSI on May 10, 2009, alleging an onset date of March10, 2009, due to diabetes, high blood pressure, neuropathy, back pain, and migraine headaches. Tr. 116-118, 134, 157-158, 159. The Commissioner denied Plaintiff's application initially and on reconsideration. Tr. 26-58.  An administrative hearing was held on July 14, 2010  Tr. 26-58.  Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 50 years old and possessed a high school education.  Tr. 31, 33, 139.  She had no past relevant work "(PRW") experience.  Tr. 20, 135, 149-156, 177-190, 195.

On September 23, 2010, the ALJ found Plaintiff's diabetes mellitus with peripheral neuropathy, essential hypertension, and depression to be severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 16-18. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that he retained the residual functional capacity ("RFC") to

lift and carry 20 pounds occasionally and 10 pounds frequently. She is able to sit for about six hours during an eight-hour workday and stand and walk for about six hours during an eight-hour day. The claimant can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, but cannot climb ladders, ropes or scaffolds. The claimant can frequently handle and finger. Nonexertionally, the claimant is able to understand, remember and carry out simple, routine, repetitive tasks. She is able to respond appropriately to supervisors, co-workers and usual work situations, but can have only occasional contact with the general public.

Tr. 18. The ALJ then concluded that Plaintiff could perform work as a machine tender, production worker, and motel maid. Tr. 21.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on June 29, 2012. Tr. 1-6. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 9, 10.

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary.

## II.   **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings

AO72A
(Rev. 8/82)

of the ALJ, the decision of the ALJ must be affirmed.  *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience.  *See* 20 C.F.R. § § 404.1520(a)- (f)(2003).  Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity.  *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III.    Discussion:**

Under the regulations, "if a claimant files additional medical evidence with a request for review prior to the date of the [Commissioner's] final decision, the Appeals Council MUST consider the additional evidence if the additional evidence is (a) new, (b) material, and (c) relates to the period on or

AO72A
(Rev. 8/82)

before the date of the ALJ's decision." *Williams v. Sullivan*, 905 F.2d 214, 215-216 (8th Cir. 1990). However, the timing of the evidence is not dispositive of whether the evidence is material. *Id.* Evidence obtained after an ALJ decision is material if it related to the claimant's condition on or before the date of the ALJ's decision. *Basinger v. Heckler*, 725 F.29 1166, 1169 (8th Cir. 1984).

Once it is clear that the Appeals Council has considered newly submitted evidence, we do not evaluate the Appeals Council's decision to deny review. Instead, our role is limited to deciding whether the administrative law judge's determination is supported by substantial evidence on the record as a whole, including the new evidence submitted after the determination was made. *See, e.g., Nelson v. Sullivan,* 966 F.2d 363, 366 (8th Cir. 1992); *Browning v. Sullivan,* 958 F.2d 817, 822 (8th Cir. 1992). Of necessity, that means that we must speculate to some extent on how the administrative law judge would have weighed the newly submitted reports if they had been available for the original hearing.

In the present case, we note that Plaintiff complained of lower back pain on numerous occasions during the relevant time period. Tr. 229, 234, 243, 260, 303. Examinations revealed severe muscle spasms causing scoliosis and kyphosis in the lower back and tender lumbar musculature necessitating prescription pain medication and muscle relaxers. And, while x-rays revealed mild dextroscoliosis, an MRI was negative. Tr. 263. Because the MRI was negative, the ALJ determined that Plaintiff's back impairment was non-severe. However, we note that an ALJ may not discount the Plaintiff's subjective complaints solely because objective tests fail to support them. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). There are many impairments that do no show up on objective tests that are nonetheless severe. We find this to be especially true in cases like the present, where the Plaintiff has reportedly complained of pain, examinations have substantiated her claims, and she has reported resulting functional limitations.

It is also significant to note that the record before the ALJ did not contain an RFC assessment from an examining source. Instead, the ALJ relied on medical records that provided no indication of

Plaintiff's work-related limitations and the RFC assessment of a non-examining consultant who concluded Plaintiff could perform a full range of medium work.  Tr. 274-281.  *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence).

We note, however that the Plaintiff was examined by Dr. Terry Hoyt on December 21, 2010, and submitted his examination results and RFC recommendations to the Appeals Council. Dr. Hoyt indicated that Plaintiff had notable lumbar tenderness as well as tenderness along the right sciatic nerve distribution. He diagnosed her with chronic low back pain, right lumbar radiculopathy, poor physical conditioning, and major depressive disorder. Tr. 303.  Dr. Hoyt then opined that Plaintiff could only sit or stand for a total of two to three hours per day and walk for one hour per day; occasionally lift and carry 21-25 pounds;  and,  rarely push, pull, work overhead, reach, grasp, finger, bend, squat, balance, twist, and climb ramps.  Tr. 304-306.  He also indicated that she would have marked restrictions with regard to working near hazardous conditions, handling vibrating tools, being exposed to extremes and sudden or frequent changes in temperatures and/or humidity, being exposed to respiratory irritants, driving/riding in automotive equipment, being exposed to high noise levels, and activities requiring fine visual acuity.  Dr. Hoyt explained that Plaintiff's poor physical conditioning, limited motivation secondary to depression, notable decreased muscle tone, flat affect, and lumbar tenderness were all objective bases for assessing the aforementioned limitations.  He also suspected a cognitive impairment secondary to major depressive disorder.

Dr. Hoyt's assessment is somewhat bolstered by the psychological evaluation conducted by Dr. Robert Spray in June 2010.  Tr. 295-302.  He diagnosed Plaintiff with major depression, and adjustment disorder with anxious mood, and noted that she exhibited mild to moderate problems with attention and concentration and a poor ability to do mental calculations.  Dr. Spray felt she would have difficulty getting along with co-workers and supervisors and, at times, would have difficulty motivating herself

5

to leave the house to go to work.  Tr. 297-298.  Dr. Spray also assessed her work-related functioning and indicated that she was markedly limited in her ability to perform a variety of activities, including completing a normal workday and  demonstrating reliability.  Tr. 299-301.

After reviewing this evidence, the undersigned is of the opinion that the case should be remanded to the ALJ to allow him to review Dr. Hoyt's RFC assessment and re-examine the evidence pertaining to Plaintiff's back impairment.  On remand, the ALJ should also obtain an RFC assessment from Drs. John Schmitz and John Williams.

IV.  **Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of May 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)